PENDLETON, President.
By calling him both heir and devisee, is he not necessarily sued as heir alone ?
Call. That objection occurréd when I was considering the case, but there is nothing in it; for, particular interests only, might have been devised to him, and then, he would not be heir.

Cur. adv. vult.

On the next day, Pendleton, President, observed, that as it was clear, if the devise to the defendant was in fee simple, that he would take by descent, and not by the devise, the doubt was, whether the Court, after verdict, would not presume it so; especially, as the plaintiff had not *227 demurred to the plea. That, at least, it would have been fair for him to have moved the Court below to award a re-pleader; and, that the Court wished to hear the plaintiff’s counsel further upon the subject on some other day of the Court -
At a subsequent day,
Call, for the appellants, made two points: 1st. That, upon the general doctrine of repleaders, a repleader ought to be awarded in this case. 2dly. That judgment by default should have been rendered in the Court below, against the defendant, as devisee.
1. Upon the general doctrine of repleaders.
There are two eases in which repleaders are constantly awarded. ' •
The first is, where the issue joined is so immaterial that it does not settle the controversy and decide the right between the parties. 3 Black. Com. 395; [Staples v. Haydon,] 6 Mod. 2; [Rex v. Philips,] 1 Burr. 301-2.
The second, which grows out of the other, is, where the whole declaration has not been answered by the plea. Heath’s Maxims, 174.
Both these are applicable to the case under consideration. For, the issue here, has not decided the-right, and the plea has only answered a part of the declaration. Because, although, the defendant had nothing by descent, he might have had an estate by devise, and, therefore, the right was not determined; and, as the defendant was likewise charged as the devisee, and the plea said nothing as to that, only part of the declaration was answered.
It does not necessarily follow, that, because, he was heir at law, he took the devised estates by descent; nor will the Court presume it. For, the devise might have been for life, or for years, with remainder to another in fee.
In which case, he would have taken by devise, and not by descent. It cannot be objected to such a supposition, that the remainder-man was not sued also. Because, if he were dead, no action lay against his heir or devisee jointly, with the heir or devisee of the testator; for, the statute which gives redress against the devisee, has not provided-for such a case as that. Therefore, as it is no unfair inference, that he might have taken by devise, the issue joined has not decided the right, nor has the plea covered the declaration; which, according to the authorities cited, are good causes for awarding a fepleader.
*228 The inference which I contend for, is illustrated and sanctioned by the decisions to be found in many of the English books.' Thus, in the case of Tryon v. Carter, 2 Stra. 994, where to a bond conditioned for the payment of money on or before the 5th of December, the defendant pleaded payment on the 5th of December; to which there was a replication: and a verdict for the plaintiff. But, a repleader was awarded, because the issue was immaterial; for, it finds no breach of the condition, inasmuch as it might have been paid before the 5th of December; and, then the condition of the bond was saved. The principle of which decision, exactly applies to the case now under consideration: for, the inference contended for here, is not more strained than the one adopted there; and, of course, that determination should regulate the judgment in this case.
So, in Read v. Dawson, [2 Mod. 139, and 5 Bac. Abr. 456, Gwil. ed.] where in an action on a bond against the defendant as executor, issue was joined whether the defendant had assets or not, on the 13th of November; which was the day, on which he had the first notice of the plaintiff’s original writ; and it was found for the defendant, that then he had not assets; but this was held an immaterial issue, and a repleader awarded: for although he had no assets then, yet, if he had any afterwards, he was liable to the plaintiff’s action. Now, the reasoning in that case, applies with full force to the one before the Court; for it would be difficult to maintain why subsequent assets should be inferred in that case, more than an estate by devise in this.
The general doctrine and the decisions are, therefore, clearly with the appellants, and prove that a repleader ought to be awarded. Because the issue joined did not decide the right, and answer the whole cause of the action stated in the declaration.
The verdict will not cure the defect in the pleadings; because that only helps misprisions and Jeofails (by which I mean the mistakes of the Clerk, or the slips in form of the pleader,) but does not aid the want of sufficient matter. It cures the omission of form, but not of essential facts. Euer’s Pleadings, 286; [5 Bac. Abr. 454, Gwil. ed.]
Therefore, an issue joined upon a plea or replication, which does not involve the evidence of the right,- is not cured by the-verdict; for, as the book correctly states, if what is material in the cause be not put in issue, it is not made necessary to be proved on the trial; and if it be not *229 made necessary to be proved on the trial, then the jury could not form any judgment of the fact; and, therefore, their verdict ought not to be conclusive upon it. This seemed to have been the opinion of the Court upon our own act of Assembly in the case of Chichester v. Vass, [ante p. 83,] at the last term; in which it was held, that the omission-of an essential fact or actual substance, was not cured by the verdict.
Now, in this case, the evidence with regard to the devise, could not have been given by the plaintiff on the issue which was joined; but if offered, the Court must have rejected it. For, evidence of an estate by devise would not have maintained a replication that the defendant had assets by descent; because, the allegation and the proof would have been entirely different, and, therefore, the testimony could not have been received.
Which is decisive, that an essential fact was not put in issue, and consequently, that the verdict, according to the cases cited, has not cured the defect.
There may, at first sight, appear to be some inconsistencies in the English cases upon this subject. But two rules, which are to be collected from the books, will explain all the differences.
The first is, that if an immaterial issue be found for him who tenders it, he shall not have judgment, because it was his own fault, and the contrary practice would tend to encourage tricks in pleading. Thus in the case of Tryon v. Carter, [2 Stra. 994,] mentioned before, the bar was good, but the plaintiff tendered an issue which being immaterial did not decide the right, and, therefore, he was not entitled to judgment.
The second rule is, if the plea be bad and the declaration good, or the plea good and an immaterial issue be tendered thereto by the plaintiff, that in either case, a verdict in favor of the good pleader, shall be sustained; and judgment given for him: Because, it is what the Court ought to have done at the time of pleading. For, if the plea was insufficient, the plaintiff should have had judgment for the want of a plea; because, a bad plea was the same as no plea at all. And if an insufficient issue was offered to the bar, the plaintiff not having avoided it, ought to have been preeluded from proceeding any further, unless he would shew matter of avoidance.
Thus in Nichols’s Case, 5 Co. [43,] where before the statute, the defendant pleaded payment without acquittance, *230 to an action on a single bill, on which plea issue was joined ai)d found for the plaintiff, judgment was according to the verdict; because, payment without acquittance did not discharge the single bill, but the cause of action remained still. Of course the plea was bad and might have been rejected when offered. A verdict, therefore, in conformity to the plaintiff’s right to judgment, where the defendant had offered nothing to preclude his cause of action, instead of prejudicing, ought rather to have confirmed it. But, if in that case, as is said in 1 Lev. 32, the verdict had been for the defendant, he would not have had judgment; because he had shewn nothing to bar the plaintiff’s action.
So, if to an action of debt upon a bond, the defendant pleads not guilty, on which issue is taken, and there be a verdict for the plaintiff, he shall have judgment; because although the issue was immaterial, yet, as the defendant had said nothing in bar of the plaintiff’s demand, his plea ought not to have been received at first, but judgment entered for the plaintiff for want of a plea; and the verdict in conformity to the right, instead of defeating, in fact, tends to strengthen it.
But, if since our act of Assembly, the defendant to an action of debt upon a bond were to plead payment generally, and the plaintiff were to reply that the defendant did not pay the money on a certain day, and an issue taken on that replication should be found for the defendant, I think he should have judgment. Because the plea, which is a good one, would answer the whole declaration, and the replica-' „ tion, instead of meeting the plea, would take issue upon an immaterial point. So that the bar, remaining unanswered, would not be avoided; and, therefore, the plaintiff, not -having shewn anything in support of his action, ought not to be allowed to proceed any further in his suit.
The whole difference, therefore, consists in the verdicts being in favor of the good or of the faulty pleader. In the first case, judgment shall be according to the verdict; but, otherwise, in the latter.
No exception to this position, is recollected at present; and, therefore, I believe I may venture to say, that a due attention to the two rules just mentioned, will enable us to reconcile all the cases upon the subject. So, that it may be laid down as a maxim, that the verdict will not cure in any case, where the issue joined, does not decide the right in controversy between the parties; and, consequently, I infer, that upon the general' doctrine, as the issue *231 here has not decided the right, a repleader ought to he awarded. .
. 2. But, if this point be against me, then I contend: Secondly, that judgment by default shouldjiave been rendered for the plaintiff, against the defendant as devisee; because, the plea having offered nothing in bar of the devise, had so far confessed the cause of action; and, therefore, although the verdict is for the defendant, upon the plea that was offered, still the plaintiff was entitled to judgment against him as devisee, for want of a plea. 5 Com. Dig. 467.
For, if the defendant had appeared at the rules upon the return day of the writ, and pleaded this plea, the plaintiffs might have prayed judgment against him as devisee, for want of a plea as to the devise. Weeks v. Peach, Holt, 561, [1 Salk. 179.] But here, he was in a better situation; for, he actually had judgment against the defendant; which could only be set aside according to the opinion of this Court, in Downman v. Downman’s exrs. 1 Wash. 26, by a sufficient plea going to the decision of the merits of the cause. As, therefore, the plea only went to his capacity of heir, the office judgment should not have been set aside any further; because, no more than the character of heir was covered by the plea.
That the plaintiff took issue, is no objection; for, the plea, as far as it went, was a good bar; the Court were bound to receive it; and, the plaintiff was obliged to accept the issue which it tendered. His doing, therefore, what the law required, could not operate to his prejudice; and, consequently, so much of the judgment, as was not embraced within the plea, should have remained.
In such a case, two pleas are necessary; 1. No assets by descent, which was the plea here; 2. That the defendant took nothing by devise, which has been omitted in the present case. The wit of man cannot suggest a plea, which will bar an action like the present, without inserting both these facts. For, they are substantive and independent of each other; and are, therefore, distinct matters of defence, which require distinct pleas. But, as only one of them was offered, the plaintiff remained unanswered, as to the other; and, consequently, as to that, the judgment should have stood. All which is fully proved by the before-mentioned case of Weeks v. Peach. In which it is expressly said, that where the plea only answers part of the demand, that the plaintiff may take his judgment, as to the residue, by nil dicii.
*232 It is no objection that the plaintiff did not demur. Because clua heir, it was a good.plea; and, therefore, upon a demurrer, it would have been decided for the defendant, as to that character; but, the point would still have remained as to his character of devisee. So, that the very same questions would have been open after the decision upon the demurrer, that now are; and, consequently, neither justice or fairness would have been in any degree promoted by it. Besides, a demurrer in such a case, would have wrought a.discontinuance of the whole cause. Week v. Speed, 1 Salk. 94. For, this plea did not begin as an answer to the whole, -when in fact, it was only an answer to part, and, therefore, demurrable to, (as if, in trespass upon two closes, the defendant pleads not guilty, generally the whole trespass, and only offers a justification as to one-close, in which case the plea is bad, and may be demurred to;) but, the plea from the commencement to the end, is confined to one charge only, and is aptly and properly pleaded to that. Therefore, the plaintiff ought not to have demurred, but was obliged to take issue on it; as it was a sufficient answer to one character. But, at the same time, he was entitled to judgment by nil dicit against the defendant as to the devise, according to the case of Weeks v. Peach, before-mentioned.
That the plaintiffs did not apply for a repleader in the Courts below, is no objection.
1. Because, the defendant was guilty of the first fault, in not pleading to the whole declaration, which perhaps was done with design, and with a view to this very event, of the difficulty of deciding what would be the consequence of an issue and verdict upon one charge, without any plea to the other: an experiment, which he was possibly the more ready to try, as if it should be finally decided that there should be judgment against him by nil dicit, as to his capacity of devisee, he would run but little risque. Because, a judgment by default against a devisee, would not perhaps be entered de bonis propriis. For, the act of Assembly has not directed it in so many words; and, therefore, according to the liberality which distinguishes Courts of Justice at present, the plaintiff would only be allowed to take an extent. So, that it was probably thought that the game was a safe one, and might be played without danger to the defendant: in which view of the case, he Avould be entitled to but little countenance.
*233 3. Because it is the province of the Appellate Court, to correct the errors of inferior Courts, from whatever cause proceeding; and this, whether the party injured, excepts to the opinion of the inferior Court at the time or not. Thus, if a plaintiff obtains an irregular judgment against the defendant in an inferior Court, the Appellate Court will correct it, notwithstanding the defendant took no exception at the time; and yet, his failure to except, might as well be objected in that case as in this.
3. Because the appeal itself, is an exception to the opinion of the Court; whose business it is to look into the pleadings, before they render judgment, and see if there be a sufficient foundation for it; and, if not, to award a re-pleader. For which reason, namely, that it is a judgment of the Court upon the pleadings, neither party pays costs upon awarding it. [Staples v. Haydon, ] 6 Mod. 2. And perhaps, the appeal was on account of their refusing to award it, when applied for.
4. Because .the setting aside the office judgment, was the act of the Court upon the defendant’s motion, over which the plaintiffs had no control; nor had they any agency in it. For, their joining issue on the plea, was what they were compelled to do. Because, the defendant had a right to offer a good bar to the charge against him as heir; and having tendered a good issue, the plaintiffs were bound to accept it. But then, the Court ought not to have set aside the office judgment, any further than the plea extended to; as the defendant is not entitled to set aside an office judgment, without tendering a sufficient plea, according to the before-mentioned opinion, of the Court in Downman v. Downman's ex’rs.
Under every view of the subject then, as it is clear, that the whole’ case has not been tried, the judgments ought to be reversed and a repleader awarded.
ROANE, Judge.
This is an action of debt against the defendant as heir and devisee of John Mattox deceased. The plea is, that no assets of any kind- have come to his hands by descent; and ón that plea issue is joined. The verdict finds for the defendant, pursuing the very words of the plea. On this verdict the County Court gave judgment for the defendant, and the District Court affirmed that judgment.
Whatever latitude may be taken, in construing the verdiet of a jury, I suppose that this plea must be considered, *234 as only tendering an issue on the point of assets or no asse*-s by descent, and omitting to answer that part of the declaration which charges him as devisee.
If lands are devised to the heir of the devisor, under other and different limitations, than those attending a descent, his title by devise is not merged in that by descent, and he is chargeable in respect of such land, as devisee. [Allam v. Heber,] 2 Stra. 1270, [1 Black. R. 22, S. C.*]
Again, if the act of Assembly authorises a joint action against the heir and devisee when different persons, it follows, that it will authorise a joint charge against the same person in different characters; the object of the act being to prevent circuity of action. But, that circuity would certainly exist, if, after having found by one action, that the person supposed to take as heir, did notin fact take in that character, the plaintiff should be turned round do another action, to recover against him as devisee. When, therefore, the act for this reason permits a joinder of the causes of action, we cannot dispense with any plea, which would have been necessary, if there had been two separate and distinct actions. But, if the present plea has only put in issue the defendant’s liability as heir, it may be that he is yet chargeable as devisee, and the plaintiff, consequently,' entitled to recover against him in the action.
I hold it to be a clear position, that judgment can never be given for the plaintiff, if it appears from his own declaration, that he has no cause of action; and this, whether the .defendant has moved in arrest of judgment or not. I hold it equally clear, that a judgment discharging a defendant, ought never to be given on an issue from which, if found for him, it does not necessarily follow that he is discharged from the alledged cause of action. In the former case, however, as the declaration which is the foundation of the suit, contains in itself no ground of action, a judgment final is given against the plaintiff; but, in the latter case, as the plea only is defective, in omitting sufficiently to answer a good declaration, the Court resting upon that declaration, will give such judgment as by producing a sufficient plea, will insure a trial of the merits of the cause. I am also clearly of opinion that, an omission to move for a repleader in such a case, and to object to a final judgment for the defendant, founded on an immaterial plea, can no *235 more ratify such judgment, than a similar omission will in case of a judgment on a vicious declaration.
Justice Denison, in the King v. Philips, 1 Burr. 304, after observing that formerly, when repleaders were more frequent than they are, since the practice of granting new trials has prevailed, adds, “on granting repleaders, the issue was considered as void; and the verdict too; and, consequently, the judgment was to replead.” That is to say, the judgment was to replead, because, there can be no judgment decisive of the merits, (which is the end and object of every suit,) founded on an issue and verdict, which are both void.
The rule in,granting repleaders as laid down in Staples v. Haydon, 6 Mod. 2, is, that repleaders are to be awarded when such an issue is joined, as that the Court after trial thereof, cannot give judgment, because it is impertinent and does not determine the right; and, in the before-mentioned case, of the King v. Philips, [1 Burr. 302,] Lord Mansfield said, that he laid the stress upon these words “ and not determining the right.” I too will take the liberty to add, that I also lay stress upon the words cannot give judgment-, meaning thereby, a judgment determining the right. A Court of Law can only give an interlocutory judgment for the purpose of bringing about a decision on the merits, or a final judgment determining the right; and if it gives a final judgment which does not determine the right, either as it respects the matter of the charge or discharge, it is error.
The judgment which has been given in this case, will either bar a future action by the same plaintiffs against the same defendant, as devisee for the same cause, or it will not.
If it will not, it is an admission that the charge against . him as devisee has not been decided upon in this action; but if, on the other hand, it will be a bar, it must be because of a judgment on a verdict and issue, in which it would have been improper to show (because not put in issue) that the defendant has received assets by devise.
Now, it would be highly unreasonable to deprive the plaintiff in the second instance of his remedy against the defendant as devisee, under pretense that the question was tried in a former action, when, so far from that being the case, it could mot legally have been tried, owing to the conduct of the defendant, in not tendering an adequate-issue.
*236 I consider a repleader as a means given the Court to en-a^e them, by correcting insufficient pleadings, to decide ultimately the merits of the cause; and that such a repleader ought to be awarded, whenever the Court, without such a correction, cannot decide the merits.
But it may be argued, perhaps, that admitting this to be the end and design of repleaders, and that one would have been awarded in this case, if moved for, yet that the Court was not bound to award it, without a particular application.
I have endeavored to shew already, that a Court ought not to give a final judgment on an issue which does not determine the right: But, after a verdict was had in the cause, the Court was bound to give some judgment; and if any other judgment was legal, except a judgment to replead, I am a stranger to it,
It must here be borne in mind, that Courts must always be supposed conusant of the pleadings pending before them, and must give their judgment upon the foundation of such pleadings only.
■ Upon the whole, I think the judgment of the District Court ought to be reversed, and a repleader awarded.
FLEMING, Judge.
My principal doubt has been,.whether the Court ought to have awarded a repleader, as it does not appear to have been asked in the County Court; for, I have no difficulty on the principal question. But, upon reflection, the doubt which I had is removed, as it is the duty of Courts to examine into the proceedings, and to give judgment according to the case they unfold. And this Court, when reviewing the judgments of inferior Courts, constantly does so; disregarding omissions of the parties, and entering the judgment which appears to be right upon the record. Of course, it appears that there should have been a repleader, the County Court ought to have looked into the proceedings, and awarded it.
Indeed I think it questionable, whether judgment by nil '¿licit against the defendant as devisee, would not have been proper: as, there was ño answer given to an essential charge in the declaration; and consequently as to that, the party remained undefended.
But it is said that, as the defendant took as heir, the plea covered the whole declaration, because he would take the devise by his better title of descent. To which I answer, that he was charged as devisee; and, as the devise might have been in such a manner as to have broken the descent, *237 he ought to have given an answer to that charge also. For, if he had been sued as devisee'only, he must have answered; and I do not perceive, how the joining his character of heir in the present suit, with a view to charge him as to any other part of the estate which he might have taken by descent, alters or affects the case. I am, therefore, clearly of opinion, that the judgment should be reversed and a repleader awarded.
CARRINGTON, Judge.
All pleas should answer the whole charge contained in the declaration, in order that the whole matter may be put in issue, and the right finally decided between the parties, without any surprise upon either side, or leaving any room for future litigation.
In the present case, the defendant was charged in two capacities; 1st. as heir; 2d. as devisee; and the plea is no assets by descent, which is found for the defendant: and, on this, the Courts below thought him entitled to judgment. But, I differ from them in opinion.
For, a material fact remained untried. Because, there may have been a devise, not merged in the defendant’s title as heir. For, if less than a fee-simple estate was given, he would take by devise, and not by descent; and, therefore, unless he is liable to be sued in both capacities, he would enjoy the devised estate against a creditor, notwithstanding the statute expressly declares, that he shall not: An effect, which certainly ought not to be wished for; and, it, therefore, becomes important to examine the statute itself, and the provisions it has made. [Dec. 1789, c. 39, 13 Stat. Larg. 53; 1 R. C. c. 105, p. 391-2, ed. 1819.]
The act, after reciting in the preamble, that it is a grievance, that creditors should lose their debts by the testator’s devising away his lands, declares in the second section, that such devisees shall be void against creditors in future; and, they are enabled by the third section to sue the heirs and devisees jointly.
Which authorises the joining of both characters in one action; and, therefore, the defendant was bound to answer both charges. For, as the plaintiff was. obliged to bring this action, and had no other mode to recover his debt, the defendant should have answered and discovered the devised estate, or put it in issue, in order that the plaintiff might, have been enabled to prove it. Or, else the jury could not enquire into the fact, or the Court decide as to the effect of the devise. So, that the plaintiff was liable *238 to surprise, and a full decision on the subject could not be had.
As the case at present stands, if the judgment be affirmed, it may possibly be a bar to another action, although the defendant may have had an estate by devise; which would be highly unjust, and, therefore, such a consequence should be guarded against, if possible.
But, if it would not be a bar, why drive the party to the necessity of bringing a new suit, when the ordinary method of a repleader will afford him complete redress, at the same time, that it will prevent delay and some expense ?
That a repleader should be awarded, because the right and whole merits of the cause had not been decided, is abundantly proved by the authorities, which have been cited; and, particularly, the 5 Bac. Abr. [453-4, Gwil. ed.] which decides, that wherever the issue which has been tried, was not calculated to involve a complete discussion of the whole subject, a repleader ought to be awarded, because the right has not been decided, and the substantial merits of the'case determined on: Which is precisely the situation of the case before the Court; because, the question as to the devised estate, was never put in issue; and, therefore, a complete decision of the whole subject in controversy, could not be obtained. So, that it falls clearly within the doctrine laid down in the book. I am, therefore, of opinion with the two Judges who have preceded me, that the judgments in this case should be reversed, and a repleader awarded.
LYONS, Judge.
The first question in this cause is, if the same person may be sued as heir and devisee; and, this is answered by shewing, that he may take both ways. [Lessee of Long v. Lamy,] 1 Wm. Black. Rep. 265. The next question is, if a devisee be sued, whether he ought not to be charged specially and distinctly from his capacity of heir ? But, I do not find it laid down, that it is necessary to do so; but that he must be sued as heir and devisee jointly, is evident. For, the act of Assembly cannot be complied with by any other mode; and, therefore, a declaration according to the form used here, is certainly well enough; inasmuch, as it charges him as heir and devisee both. Suppose, an act of Assembly were to say, that the creditor might sue the heir and executor together, a special and separate declaration against' each, *239 would not be necessary; the calling him heir and executor, without shewing how heir or how executor, would be sufficient; and, I cannot discover a distinction between the two cases. Here, he is called heir and devisee, which are the characters mentioned in the statute; andj are sufficiently precise, and clearly understood.
The charges, therefore, being explicit, we come next to enquire what the defendant ought to do in such a case? He should shew what estate he has, because it rests more in his own knowledge, than in that of thé creditor; and, therefore, the law forces him to confess, because the plaintiff cannot otherwise come at justice. If the defendant were sued in separate actions upon each character, both charges must have been answered, and why not here? The joining both characters in one action cannot possibly make any difference.
The question then, is, what is the consequence of the omission in the present case ? It is regularly true, that the plaintiff may, in such a case, take judgment for want of a plea; but, if he omits, the Court must themselves look into the whole record, and give the proper judgment. [Birckhead v. Arch Bish. York,] Hob. 199. If it appear that the suit is founded on a joint bond, and the judgment is only against one, it will be arrested by a Court of error, although no plea in arrest of judgment was filed in the Court below. So, if to an action upon assumpsit, the defendant pleads non assumpsit, and the act of limitations, and no notice is taken of the act of limitations, the proceedings will be set aside, the parties made to complete the pleadings, and to try the cause over again upon proper issues. In Butler’s N. P. 176, it appears that a repleader was awarded, merely because the issue was joined on the sufficiency of the land, instead of the point, whether the defendant had assets by descent or not. Although it is evident, that issue more essentially involved the decision of the right than the present does.
As, therefore, in the present case, nothing has been said in answer to the charge of devisee, that point was not properly brought before the Court and jury for decision; and, consequently, no judgment, completely determining the right, could be given; which, according to all the authorities, is a sufficient ground for awarding a repleader.
It is said, however, that there should have been a motion for a repleader in the Court below; and that, for want of it, one cannot be awarded by this Court. But, I cannot *240 perceive the propriety of that argument; because, I think it is the duty of this Court to correct all irregular or improper judgments of inferior Courts, whether the imperfections be pointed out to the Court below or not. Accordingly, whatever defects may be taken advantage of on a general demurrer, would, I conceive, be bad on an appeal. In the present case, no issue was made up on an essential part of the declaration; and, therefore, the verdict did not decide any thing concerning it. Of course, it was void as to that part of the declaration; and no judgment, therefore, could be given on it, which would be decisive of the matters in controversy between the parties. Consequently, if the inferior Court, instead of stopping the business at the threshold, and obliging the parties to plead anew, have gone on to give a final judgment in the cause, they committed an error, and, this Court ought to correct it. Accordingly, it is the constant course of the Court to look into the whole record, and to give the judgment which the Court below ought to have given.
For, although the errors are the errors of the parties, yet, the judgment is the act of the Court, deciding what-is right between them; and, therefore, it ought to be according to the law of the case. For which reason, we always say in our entries, that we have inspected the record, meaning the whole record,'and that we find that there is or is not error in it. *
Upon the whole, I think that the defendant should have plead as devisee; and that, as he did not, no issue decisive of the whole cause was joined. That, therefore, a repleader ought to have been awarded; and, that this Court ought now to give judgment that the parties should replead, although, no motion to that effect was made in the Court below.
PENDLETON, President.
Two errors are assigned by the appellant’s counsel.
1st. That the plea, being defective in answering only one charge in the declaration against the defendant, to wit, as heir, and saying nothing as to his responsibility as devisee, the Court should not have received it, and set aside the office judgment; but the same ought to have stood as by default.
*241 2d. That the issue joined and tried, being only as to part of the charge, did not put an end to the dispute, since the defendant might not have assets by descent, and yet have them as devisee; and, therefore, that the issue was immaterial, and upon the verdict, a repleader should have been awarded instead of judgment for the defendant.
I should have to lament, that, in this case, important as a precedent, though perhaps, in itself of no other consequence than as to the costs, we heard counsel only on one side; but, that from the candor of the ex parte counsel, I believe we have the law on the subject fully before the Court.' ,
This is an appeal from a general verdict, in which no exception is stated, to any opinion given by the Court, nor any application to them for an opinion, suggested to be erroneous.
It is truly said, that the appellate Court are to inspect the whole record, and give such a judgment as the inferior Court should have given.
If, the plea and issue tried be immaterial, we in deciding what judgment the County Court ought to have given,
come to the question^ whether it was the duty of that Court ex officio, to take notice of the insufficiency of the plea, when the office-judgment was set aside, or, that the issue was immaterial when the verdict was given, and award a repleader without being applied to by the party ? A question, which becomes important as a precedent, considering the mode of proceedings in the County Courts.
In the case of Staples v. Haydon, 2 Salk. 579, it is laid down as a general rule, “that, if the inferior Court grant a repleader when it ought to be denied, or deny it when it ought to be granted, it is error.” Which, to my mind, from the terms grant and denial, is conclusive that It is riot error in either case, but when it proceeds from an application of the party to the Court to grant it.
It is no objection to say, that the appellate Court are to view the whole record and correct errors discovered in the inferior Court’s judgments, though not pointed out in the Superior Court. For, it does not follow, that, in this review, they shall decide it to be error in the inferior Court, in not having done that, which they were not desired to do; although, if they had been applied to and denied it, it would have been error. The ex officio■ duty of the two Courts, appears to me to be very different.
*242 If, application to the Court of Common Pleas in England, be' necessary to constitute an error in these cases, how much stronger does the l’eason apply to our County Courts, proceeding on a different mode ? There, a full record is made up, stating in one view, the whole pleadings and collecting the issue to a point, which is sent in the Country for trial, and the Judge may easily discover whether the issue be material. But, in our County Courts, where the suit originates, they know nothing of the proceedings till the jury are sworn to try the cause; and then,, usually, the pleadings are not read, but the attornies state the dispute, examine their witnesses, the verdict is taken and the consequent judgment entered, if no objection is made. Are we to say then, that the Court upon every verdict,, are to stop their progress to other business, till they read over the declaration and plea, to discover whether the issue tried is material, and force upon the parties a repleader, who may be satisfied, and wish to be at no further expense and trouble ? All the Court have to do in such trials, is, to see that nothing unfair is practised, and to decide any question which the parties bring before them.
But, it is said, that the appeal is equal to an exception. We have seen at this and every term, a number of appeals upon' other motives than exceptions. Delay, indeed, could not be imputed to an appellant, who was plaintiff in the Court below, but he might wish to save his costs, and enter the appeal in hopes that sagacious counsel could discover some error in the proceedings which might effect it; and, if these appeals from general verdicts receive the countenance of this Court, I fear our docket may be crowded and the suitors embarrassed.
I recollect that some years ago, the General Court reversed a judgment entered by confession, because there was no declaration, and awarded a non suit: which being known, many of such judgments were hunted up, and brought before the Court, and met the same fate. But, at length an appeal brought the question before the Court of Appeals, then consisting of all the Judges, and upon consideration, the judgment of the General Court was reversed; in which, the whole five Judges of that Court concurred, and a stop was put to that proceeding. *
*243 These are the consequences which I wish to avoid; and l have, therefore, entered so fully into the subject.
But, upon the present occasion, I am clearly of opinion, that the issue joined and tried is not immaterial; but was proper, and decides the question between the parties; as the words, and devisee, in the declaration were mere surplusage and did not require to be answered,
By the common law, the heir only was liable to the bond debts of his ancestor, in respect of lands descended to him; and, if a debtor devised his lands from the heir, it defeated the remedy of the creditor; which being unjust, the statute against fraudulent devises was passed, declaring such devises void, as to the creditors, and making the lands liable in the hands of the devisees, against whom separate actions were brought, founded upon the statute.
Our act of Assembly proceeds in the same manner to declare that all wills, disposing of lands or any rent, profit, term or charge out of the same, shall be deemed and taken (as against such creditors, to whom such lands in the hand . of the heir would be liable,) to be fraudulent, and clearly, absolutely and utterly void, frustrate and of none effect; and the lands are made liable in the hands of the devisee, in the same manner and subject to the same consequences as if they had descended to the heir. *
Another clause is inserted, namely, that the creditor may bring his action on his bond against the heir and devisee or devisees jointly: so that, if the devise be to others than the heir, the declaration against the heir may be general, charging him as such, without suggesting assets; but, as against the devisee, the devise must be suggested, in order to charge him under the act of Assembly, †
Where the same person is both heir and devisee, the case is not within this clause; for, a suit against one man jointly with himself, because he possesses two characters, would be absurd. In such a case, the devise being declared void as to the creditor, does not stand in the way of the defendant’s liability as heir, but all the creditor has to do, is, to charge him in that character; and, whether the devise to him be in fee, or for any limited interest, is wholly immaterial, since whatever it be, it is utterly void, and of no effect.
*244 Therefore, all that the creditor had to do in the present case> was, to charge the defendant -as heir; and any words superadded, charging him as devisee, were mere surplusage, and not necessary to be answered by the defendant’s plea. Which properly put in issue his liability as heir; and the jury having found, that no assets of any kind came to the defendant’s hands by descent, the real question between the parties was decided; and no repleader ought to have been awarded, even if it had been applied for in the County Court.
I am therefore of opinion, that the judgments of both Courts were right; but a majority of the Court being of a different opinion, both judgments are to be reversed, and a repleader awarded.*

[*See on this point Chaplin v. Leroux, 5 Mau. and Selw. 14; Doe, d. Pratt et al v. Timins et al. 1 Barn. and Ald. 530; and Mr. Eden’s note to Scott v. Scott, 1 Eden’s R. 462.]

[*Murdock et al v. Herndon's ex’r. 4 H. & M. 200. And see Le Bret v. Papillon, 4 East, 509; Charnley v. Winstanley et ux. 5 East, 270-1.]

[* Picket v. Claiborn; cited in Wash. 306.]
Leftwitch et ux v. Stovall et al. 1

[* See Mathews v. Jones et al. Ex-cheq. Dec. 20th, 1794, 2 Anstr. 506.]

[† Although the heir be absolutely disinherited, it seems he must,nevertheless, he joined in a suit or bill against the devisee. See Gawler v. Wade, 1 P. Wms. 99; Warren v. Stowell, 2 Atk. 125. But query, if the heir be dead, Wilson v. Knubley, 7 East, 128 ; or cannot he found, Gawler v. Wade, 1 P. Wms, 99.]

[* See Kerr v. Dixon, 2 Call, 379; Kirtley v. Deck, 3 H. & M. 388, 399; Callis v. Waddy, 2 Munf. 511; Wilkinson's adm’rs. v. Bennett, 3 Munf. 314; Day, ex'r. v. Pickett, 4 Munf. 104, on the subject of repleader.]