JUDGE TUCKER.
In this case there is another difficulty. The exception is to the opinion of the Judge who did not sign it.
• Williams. The Court being divided, there was judgment for the defendant; and the exception was to that judgment. The record from the Chancery was admissible. The assignment of the bond was in obedience to the decree.
JUDGE TUCKER. Then ought not suit to have been brought on it as an assigned bond?
Williams. The assignment was only to authorise them to bring suit: but the bond being their own, they ha'd a right to sue upon it as their own. The bill did not pray for an assignment, but only that the bonds, &c. should be delivered up.
Tuesday, November IS. The Judges gave their opinions.
JUDGE TUCKER. The appellants brought suit in the Williamsburg District Court, on a bond given to Adam Fleming, deceased, which was in the usual form, payable to him, his executors, administrators, or assigns; their declaration being in these words: James Gordon, William Monteath, and William Robertson, surviving partners of themselves. J. Glas-ford, N. Jameson, Adam Fleming, and James Glasford, deceased, late merchants and partners, acting under the style of Adam Fleming, complain of John Colgin, executor, &c. of a plea of debt, that he, the said *defendant, render to them, the said plaintiffs, 1581. which he unjustly detains, for that whereas the said John Brown, in his life-time, on such a day and year, &c. by his certain writing obligatory, sealed, &c. acknowledged himself to be held and firmly bound to the said Adam Fleming, in the said sum of 1581. to be paid to the said Adam Fleming, when, &c. in the usual form, without alleging that the bond was made to themselves, by the name and style of Adam Fleming; as perhaps they might, but certainly must have done in order to entitle them to bring an action therefor, unless in the character of executor, administrators or assigns of Adam> Fleming, or of his legal representatives. The Jury found a verdict for the defendant; it is unnecessary to inquire upon what principles, and whether right, or wrong, the declaration not shewing, as it ought, any right in the plaintiffs to bring this action, (a) although, perhaps, they might have sustained an action, if the declaration had been adapted to the nature of the plaintiffs’ case, such as it appears to have been from the matter inserted in the record, of which there is no necessity to take further or more particular notice.
I, therefore, think the judgment must be affirmed.
JUDGE ROANE.
The statute of Westm. 2, respecting bills of exceptions, from which our act seems to be taken, (and the constructions made thereupon,) recognise, as sufficient, a bill of exceptions signed by one of the Justices;(b) but our act varies from it in this particular, and requires that all the Justices, “or the greater part of them present,” shall sign it. This not being done in the present case, we cannot act upon the bill in question, nor take cog-nisance of any of the facts it contains. The case then stands merely upon a general verdict, which we must take to be warranted by the evidence, as the contrary does not appear. I am, therefore, for affirming the judgment; especially as the appellants’ claim to recover as a co-partner, on a bond not alleged in the declaration to have been given to them as such, but rather to have been given to Fleming in *his individual character: and, even if we were at liberty to go into the paper tendered as a bill of exceptions, there is a variance between the bond shewn in evidence, and that declared on, not only in that the bond exhibited has enured to the benefit of the appellants by assignment, of which assignment no mention is made in the declaration ; but also that the bond, as set out in the bill of exceptions, bears date the 4th of January, 1775, whereas the bond declared on is stated to have borne date on the 4th of January, 1773.

 Vid. Baird v. Mattox, 1 Call, 257.

 See 1 Bac. Abr. 529, Gwil. ed.