Judge Tucker.
This is the same case which is reported in 2 Call, 530. under the title of Cunninghame v. Hern* *202 don. While the suit was depending in this Court, Hern* don died; and the cause was revived here against his executors. The judgment was finally reversed, and the Jutors’ verdict set aside, “ and a new trial was ordered to “ in the cause,” with directions to admit the eviwhich had been rejected on the former trial.
The cause being again brought on in the District Court, the following entry appears: “ This suit abates as to the “ plaintiff, William Cunninghame,” (he being the only plaintiff named in the declaration, which is brought in the name of W. Cunninghame and Company, not naming any other,) “ by his death, and it is admitted that Peter Murdock, M John Hamilton, and fames Robinson, are the surviving “ partners of the said William Cunninghame £s? Co. ‘ where- “ ‘ upon came the parties by their attorneys, and thereupon “ ‘ came a Jury,’ &c. who found a verdict for the plain- « tiffs.”
The defendants moved in arrest of judgment, and asisgiied for cause,
1. That the note and assignment thereof, as stated in the declaration, do not entitle the plaintiffs to their action in manner and form as set forth in said declaration.
If this were sufficient cause for arresting the judgment, it ought to have been sooner noticed, when the cause was before this Court on the former appeal: for I understand the practice of this Court to be, that if a cause is brought up here upon a bill of exceptions, the Court will consider the whole record and proceedings, and if there be any error therein, in any other part of the record, will reverse the judgment for such error; although they should be of opinioix that the particular point upon which the exception was taken was rightly adjudged below: because the appellate Court must inspect the whole record.(a) This Court having reversed the former judgment, which was rendered in favour of che defendants, and directed a new trial to be had in the cause, must be presumed to have thought the declaration sufficient; otherwise, they would have affirmed the first judgment, though not for the reasons given in the *203 bill of exceptions, as has been often clone in this Court. I therefore do not conceive that any exception can he taken to the declaration upon this second appeal. The practice would be highly inconvenient and vexatious, and productive of infinite delay, and of appeals without end.
2. The defendants allege, as a cause of arresting the judgment, that it appears by the declaration, that the demand is barred by the act of limitations. The plea is nil debet. Upon this plea it has been decided, that the act of limitations may be given in evidence. It is possible it was given in evidence on the trial, and that the plaintiffs produced other evidence, which avoided its operation ; and this is the presumption of law after a verdict; so far at least as that the defendant shall trot avail himself of the act of limitations in arrest of judgment. The act must be specially pleaded, or given in evidence, in cases where that is permitted; otherwise no notice can be taken of it, after a verdict.
3. They allege, that it appears by the record, that the said William Gunninghame was dead before the finding of the verdict of the Jury. W. Gunninghame being the only plaintiff named in the declaration, the suit ought to have been abated, upon that fact being shewn to the Court, unless the defendants have precluded themselves from taking advantage of it, by admitting (as the record states) that Peter Murdock, &c. are the surviving partners of the said William Cunninghame & Co. Why did they proceed to the trial after that admission, instead of moving the Court to abate the suit in toto ? If they had made such a motion, I think the plaintiffs ought to have been permitted to amend their declaration by inserting the names of the surviving partners, intended to be comprehended under the word Company, according to the admission of the defendants. It has the air of surprise, and therefore I think ought not to receive the sanction of this Court, more especially as it is a general rule, that advantage ought to be taken of any matter by which a suit may be liable to abate, by way of plea puis darrein continuance, at the very next *204 term after which the abatement happens, and, consequently, before the party proceeds to a trial; and as the defendants by their admission shew that they had notice of Cunning-home’s death, and that there were surviving partners, whose names they also knew, I think they ought, as at that time, and not after the trial, to have moved the Court to abate the suit, or filed a plea for that purpose.
But there remains another point to be considered: The suit, having abated in this Court by Herndon’s death, though revived against his executors here, and sent back for a new trial, without any directions as to the executors being first admitted to plead, has been tried upon the issue joined between Herndon and Cunninghame, in their lifetimes respectively, instead of being tried upon a new plea of the executors of Herndon, and issue thereon joined between the present parties.
At common law the original suit must have abated hi toto by Herndon’s death after issue joined; and so must it have done at any time before the act of 1806, (2 Rev. Code, 126.) which was subsequent to the reversal, and even to the last trial in the District Court. Even if the revival here might operate to revive it in the District Court, for the purpose of a new trial, yet I doubt whether there has not been such a mis-trial as is not aided by the statute of jeofails, there being no issue joined between the parties then before the Court.
Besides, upon principle,(1) it would seem, that the executors ought to have been permitted to plead to the action in the same manner as if the suit had been brought originally against themselves; for they ought to have had an *205 opportunity of pleading the want of assets, or any other matter that they might have pleaded, if the suit had been brought originally against them.
Perhaps the omission of the executors to move the 1 . , Court to permit them to plead, either de novo, or such additional plea , as their counsel might have advised, has cured this error, if it he one. If the majority of the Court shall be of that opinion, I shall cheerfully acquiesce in their decision.
But, upon the whole, my opinion is, that the judgment be reversed, and the cause sent back, with leave to the plaintiffs to amend their declaration by inserting the names of the present parties, and to the defendants to plead to the action, as if it had been brought originally against them.
Judge Roane.
Upon a perusal of this case, as formerly reported,(a) it appears to have been the opinion of the Court, that the declaration contained a sufficient cause of action; else the judgment of the Court would not have assumed the shape it did, which was to reverse the judgment, on the ground that the District Court erred in withholding the writings, offered by the plaintiff, from the Jury. This question, therefore, was then settled, and is not now open for the decision of this Court: and this is a full answer to the first error assigned in arrest of judgment on the second verdict.
As to the second error assigned, viz. that it appears by the declaration that the said demand is barred by the act of limitations, there is nothing in it. That act is not pleaded; and, if it he true that it could be given in evidence on the plea of nil debet, (which seems to have been the ancient *206 opinion,) it may be, and therefore we ought so to take it after verdict, that the effect of this bar was rebutted and done away by proof of recent acknowledgments of the debt.
As to the third error assigned, that William. Cunninghame was dead before the finding of the verciict of the Jury, there is a clear admission by the defendants, on the record, that the suit should proceed in the names of the surviving partners who are also specified therein.
There is, then, nothing to justify the opinion of the District Court, arresting the judgment on the verdict rendered in favour of the plaintiffs. With respect to the objection stated by the Judge who preceded me, in relation to the appellees, the executors; the appeal was revived against them while it was depending in this Court. They did not move, either in this Court or the Court below, for leave to plead de novo; and therefore the Court was not to volunteer such a privilege in their favour. It is possible, indeed, that it might have been eligible for them to have changed the plea, and pleaded fully administered. But how did the Court know this to be the case ? and why not suffer parties to elect the particular grounds of their own proceedings? The plea, on which issue was joined in this case, denied the existence of the debt altogether. By what authority, then, ought the Court to have compelled, or even permitted, a relinquishment of that ground, (without its being asked for by the executors,) and the substitution of another plea, (that of plene administravit,) which, on the contrary, admits the debt, though not the quantum of it. (a) Why should the Court, without any motion for that purpose, and therefore, I infer, without any necessity required by the state of the testator’s assets, adopt a course which would arrest the trial, and exhaust a good deal of time in maturing for trial another issue, to which the instruction of this Court would have no application. That instruction certainly contemplated a new trial of the existing issue, and not of another issue to be made up between the parties. This point, then, is concluded by the former *207 ypinion of this Court, that this issue, and not another issue, should be tried between the parties.
I see no necessity for the Court to have volunteered such a privilege in the case before us, however it might have been it the executors had made a motion for that purpose; and, therefore, in every light in which I can view the case, I am of opinion, that the judgment of the District Court should be reversed, and one entered for the appellants.
Judge Fleming.
The only doubt on the mind of either of ill («embers of the Court seems to be, whether, upon tii \ i c being revived against the executors of Herndon, tl- < iginal defendant, and the death of the plaintiff, Wilr Cunninghama, who was first named in the firm of Can- " -aguame csJ Co., the former pleadings ought not to have Leen set aside, and the defendants allowed to plead de mvo? To this it may be observed, that the parties went to trial on the former issue by mutual consent, or at least without any objection on the part of the defendants, they admitting that Peter Murdock, John Hamilton, and James P.olrncon, are the surviving partners of the said William Cunninghame 0? Co., and no motion to the Court, or suggestion was made, that they wished to plead over, or to amend their plea; nor is it stated, or taken notice of, in the errors filed iu arrest of judgment, which have already been recited. I am not for obstructing the course of justice (as was sometimes formerly done in England) by ar. over nice criticism on pleading, where a cause has been fairly tried on its true merits ; and especially after a verdict. I am, therefore, of opinion, that the District Court erred in sustaining the errors in arrest of judgment, and that the judgment of the said Court be reversed, and tlu . plaintiffs have judgment on the verdict aforesaid.
Judgment of the District Court reverse».,

 Baird v. Mattox, 1 Call, 257.

 Vide 2 Sound. 72. n. Williams’s note. “ Where the defendant dies « after interlocutory and before final judgment, the plaintiff mr‘ sua 51 out two writs of scire facias to entitle himself to take out execution : “ one before final judgment, to make the executors or administrators “ parties to the record; the other, after final judgment, to give them “ an opportunity of pleading the want of assets, or any other matter, “ that an executor may plead in his defence to a scire facias, brought *205 “ upon a final judgment obtained against his testator; for it would he “ unreasonable that the executors or administrators should be in a « worse situation where their testator or intestate died before final “judgment, than they would have been in, if he had died after.” Cites Say. Rep. 266. Tomkins v. Gratton.

 See 2 Call, 530.

 Bull. N. P. 149.