JUDGE COALTER.
The only question in this case is, whether after verdict for the plaintiff, there appears a sufficient cause of action in his declaration to enable the Court to pronounce judgment for him. The declaration is drawn on a covenant between the plaintiff, now appellant, and the testator of the appellee, in which the former engaged to attend carefully, as an overseer, on the plantation of the latter, for a year, and was to have the management of twenty-six working hands: for these services the testator of the appellee, was to pay him at the close of the year, one twelfth part of all grain made on the plantation ; (after deducting the seed;) oats excepted.
The plaintiff avers in his declaration, that, “in pursuance of said agreement, he entered into the service of said Washington, and well and truly performed all the covenants and agreements in the said deed on his part to be performed, &c. ; nevertheless, the said Washington did not, at the close of the year, pay to the plaintiff one twelfth part of the grain made on the plantation ; nor did he pay any part thereof, as, according to the terms and effect of the covenant aforesaid, he ought to have done,” &c.
*The defendant takes oyer of the covenant, (whereby the whole of it is made part of the declaration,) and then pleads, “that his testator hath performed all the conditions expressed in the covenant mentioned on his part to be performed, &c. ; to which the plaintiff replied generally. The jury first found a verdict for upwards of 400 dollars, which was set aside, and a new trial granted; and the second jury found for the plaintiff 385 dollars 50 cents damages; on which the defendant’s attorney filed errors in arrest of judgment. The cause assigned is, that it does not appear, from the declaration or pleadings, that any grain was made upon the plantation the year the plaintiff was overseer.
The judgment of the District Court was for the defendant; and the question is, whether that judgment is correct?
My opinion is that it is erroneous, and must be reversed, and judgment entered for the appellant on the verdict of the jury.
By the common law, if the issue joined be such as necessarily to require, on trial, proof of the facts, defectively, or imper *696 fectly stated, or omitted, and without which it is not to be presumed that the judge would direct the jury to give,- or the jury would have given the verdict, such defect, imperfection, or omission is cured by the verdict, (a)
This common law rule is, in very definite and explicit terms, adopted by our statute, which enacts and declares, “that no judgment, after verdict, shall be stayed, or arrested, for omitting the averment of any matter, without proving which, the jury ought not to have given such verdict.“(b)
These cases of defects or omissions are frequently helped too by the plea. In Buster’s executors v. Wallace, (c) the plea of “covenants not broken,” was held to admit, that a breach was laid. In the case in 4 Bac. 21, taken from Rol. Rep. 382, the plaintiff declares that, “in consideration the plaintiff would deliver all the corn in *a certain barn, the defendant did assume,” &c. ; and avers that he did deliver all the corn in the barn; but does not show that there was corn there. It was agreed by the Court, that had this been on demurrer, the declaration would not have been good ; but, being after verdict, upon non assumpsit pleaded, (by which issue it is admitted there was corn there,) it was adjudged for the plaintiff.
So, also, in S Bac. 197, in trespass for taking goods, the plaintiff neither averred property, nor possession of the goods; (which would have been bad on demurrer, and indeed after verdict on “not guilty;”) but the plea justified the taking the goods from the possession of the plaintiff; and so it cured the want of averment.
The fact, which is not averred, is admitted by. the plea; and the defendant takes the affirmative on himself.(d)
In the present case, the plaintiff avers his performance of all the. covenants on his part; that he tilled the earth, &c. ; but does not aver that God gave the increase, from which he was to be paid for his labour; or what those crops were, further than what is alleged in the assignment of the breach; to wit, that the testator did not pay him one twelfth of the grain “made,” &c. This is the only breach assigned, and for which damages are claimed. The defendant does not plead that no crops were made; but to a declaration, charging the faithful management and labour of twenty-six hands for the year, and claiming a twelfth part of the grain made, according to contract, the defendant pleads that his testator performed the covenants; that is, paid the grain, &c. ; thereby taking the affirmative on himself. Suppose, in the case of the corn in the barn, the parties to be reversed, and that the suit had been brought by the purchaser of all the corn in the barn, on. an averment that he had paid, or was ready to pay, the price, &c.; and that, instead of case, it had been covenant; and a breach laid for the non-delivery of the corn in the barn; and to which the person ^selling had pleaded covenants performed; in other words, a delivery of the corn; would judgment on a verdict for the plaintiff, in such a case, be arrested?
But when we add to this the informal averment in the breach, that grain was made; (indeed, the averment that he laboured twenty-six hands on the farm for a year, may, perhaps, be considered an informal averment that grain was made;) when the plaintiff claims nothing, except for the non-delivery of the twelfth of the grain made, it seems to me impossible that the verdict in question, on the issue in this case, could have been found, without evidence of the quantity of grain made; and if so, it comes within the common law doctrine on this subject, as well as within the act of assembly aforesaid.
(Neither the principles for which I contend, nor their application to this case, Z hope, will be found to conflict with any of the decisions of this Court. It is certainly not intended by me that they should: on the contrary, I think the case of Smith v. Walker’s executors, 1 Wash. 135, confirms the doctrines I am now contending for. In that case, the plaintiff set out a promise by the testator, if he would marry his granddaughter, to give him as much of his estate, &c., as he would give to any of his own children ; and averred that the testator did not give him as much as he gave te-sóme of his children; without averring how much he gave to either of his own children; yet, the Court say, “this might have been aided by verdict, if that had been rendered on the trial of a proper issue;” but one of the issues was immaterial, and so the verdict was set aside; and the declaration standing unaided by a verdict, it was not a sufficient foundation whereon to award a repleader. In other words, it would have been bad, on general demurrer.
In Chichester v. Vass, it was not averred that he failed, and refused to give him as much as he give other children; for if that had been so laid, and also that it was convenient to make a like advancement to the plaintiff, *1 presume the objections in these points, to that case, would not have availed.
The Court will strive to support a verdict, where it appears that what was necessary to sustain the action must have been proved to the jury; in other words, that the trial must have been on the merits, notwithstanding the imperfections or omissions in the pleadings, as will appear from a variety of cases; and, amongst others, in addition to those above, I will refer to the case in 1 Salk. 120, to Avery v. Hoole, Cowp. 825, and to Frederick v. Lookup, 4 Burr. 2018.*
I think the trial, in this case, could not have been otherwise than on the merits; that all the valuable purposes of pleading have been answered; that the defendant could not have been surprised; on the contrary, that he knew that a portion of the *697 grain made, was claimed according to the covenant; and that he came prepared, especially on the second trial, to prove payment, as iar as it had been made; that the plaintiff could not have recovered, except for the non-delivery of grain that was made during that year; and, finally, that the judgment in this case, if for the plaintiff, will be a bar to any future action he may bring for the non-delivery of a twelfth part of the grain made, &c. during that year.
I am, therefore, for affirming the judgment.

 1 Chitty, 401; 1 Sauna. 228, and 2 Burr. 900.

 Rev. Code, 1st vol. p. 112, and 2 Wash. 210.

 H. & M. 82.

 See also Winslow v. The Commonwealth, 2 H. & M. 459.

Note. See also Lev. 78; and Keble, 371; Conyers v. Smith, cited 5 Bac. 339; Winslow v. The Commonwealth, 2 H. & M. 459; also Roll’s Rep. 382, cited 5 Bac. 344; Rushton v. Aspinall, 2 Dougl. 683; Fulgham v. Lightfoot, 1 Call, 257; and Holladay and wife v. Littlepage, 2 Munf. 539; all which authorities were referred to by Botts, in argument. — Note in Original Edition.